IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA A. DODSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 2:19-cv-633-TFM-B |
| | : | |
| WRIGHT NATIONAL FLOOD INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Wright National Flood Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law*. Doc. 40, filed September 22, 2020. Defendant Wright National Flood Insurance Company moves the Court to enter summary judgment against Plaintiff Donna A. Dodson and dismiss with prejudice her claims. *Id.* Having considered the motion, the response, the reply, and relevant law, the Court finds Defendant Wright National Flood Insurance Company's motion for summary judgment (Doc. 40) is due to be **GRANTED**.

### I. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question). The parties do not contest either personal jurisdiction or venue, and there are adequate allegations to support them.

### II. PROCEDURAL AND FACTUAL BACKGROUND

**A.  Procedural Background**

Plaintiff Donna A. Dodson ("Plaintiff") originally filed her complaint with the Circuit

Court of Marengo County, Alabama on August 15, 2019, in which she asserts a breach of contract claim against Allstate Insurance Company ("Allstate") and Wright National Flood Insurance Services, LLC ("Wright").[1]  Doc. 1-2.  Wright, with the consent of Allstate, removed this matter to this Court on September 13, 2019, based on this Court's jurisdiction of actions that arise under the laws of the United States, 28 U.S.C. § 1331.  Doc. 1, 1-9.  Wright and All State filed their separate answers to the complaint on September 20 and 30, 2019, respectively.  Docs. 5, 9.

On September 14, 2020, Plaintiff and Allstate file their Pro Tanto Stipulation of Dismissal With Prejudice, which the Court construed as a motion to dismiss Allstate with prejudice pursuant to Fed. R. Civ. P. 41(a)(2), then granted.  Docs. 38, 39.

On September 22, 2020, Wright filed its instant motion for summary judgment for which the Court entered a submission order, and Plaintiff and Wright timely filed their respective response and reply.  Docs. 40, 42, 43.  The Court finds oral argument unnecessary for resolution of the motion for summary judgment, and it is fully briefed and ripe for adjudication.

**B.    Factual Background**

Wright is a Write-Your-Own Program ("WYO") insurance carrier that participates in the United States' National Flood Insurance Program ("NFIP"), pursuant to its arrangement with the Federal Emergency Management Agency ("FEMA") and in accord with the National Flood Insurance Act of 1968 ("NFIA"), as amended, 42 U.S.C. §§ 4001-4131. Doc. 40-2 at 1-2.  Wright, in its capacity as a WYO carrier, issued to Plaintiff a Standard Flood Insurance Policy ("SFIP") pursuant to the NFIP, SFIP No. 01 1151364253 02 ("the Policy"), which provided Building

---

[1] Wright states in its answer Plaintiff incorrectly identified Wright National Flood Insurance Services, LLC, as the issuer of the insurance policy at issue and it was issued by Wright National Flood Insurance Company, the proper party to this action.  Therefore, the Court's reference to Wright will refer to Wright National Flood Insurance Company.

coverage (Coverage A) in the amount of $97,000.00, subject to a $5,000.00 deductible, and no Contents coverage (Coverage B) for her property that is located at 1306 Southmont Drive, Demopolis, Alabama, 36732 ("the Property"). *Id.* at 2; Doc. 40-1.

On March 9, 2019, the Property sustained flooding. Doc. 40-4 at 11. On March 11, 2019, Wright was notified of the flooding event. Doc. 40-2 at 2. On or about March 12, 2019, Hendric Morillo, an independent adjuster with Colonial Claims Corporation ("Colonial"), was assigned to assist Plaintiff with her flood loss claim. *Id.* Hendric Morillo inspected the property and determined that a general condition of flooding occurred, but Plaintiff's SFIP covered damages did not exceed the $5,000.00 SFIP policy deductible. *Id.* On May 3, 2019, Wright issued a denial letter for Plaintiff's claim. *Id.* at 3; Doc. 40-4 at 16.

Plaintiff's claim for $31,741.04 includes an estimate that was prepared by Massengale Builders & Roofing on July 12, 2019, and a mitigation estimate that was prepared by Restoration 1 of Tuscaloosa on July 4, 2019. Doc. 40-4 at 17-23. Plaintiff's counsel sent the estimates to Wright by letter that is dated July 17, 2019. *Id.* at 22; Doc. 40-6.

### III.  STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a), (b). Summary judgment is appropriate when the moving party establishes there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"). "[T]he substantive law will identify which facts are material." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also Ritchey v. S. Nuclear Operating Co.,* 423 F. App'x 955 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510).[2] At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. Only disputes about the material facts will preclude the granting of summary judgment. *Id.*

The movant bears the initial burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Fed. R. Civ. P. 56, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). "A genuine issue of material fact exists when 'the evidence is such

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

that a reasonable jury could return a verdict for the nonmoving party.'" *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1232 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510). The court must view the facts and draw all reasonable inferences in favor of the non-moving party. *Id.* (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)); *Greenberg*, 498 F.3d at 1265 ("We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion."). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356 (citations omitted). Conclusory assertions, unsupported by specific facts, that are presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511 (emphasis in original) (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing that is sufficient to establish the existence of an element that is essential to that party's case. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

## IV.    DISCUSSION AND ANALYSIS

Wright argues Plaintiff failed to submit a signed and sworn proof of loss within sixty (60) days of her loss as prescribed by Article VII(J)(4) of the SFIP and she did not meet all the conditions precedent, which are set forth in Article VII(R) of the SFIP, to file a suit. Doc. 40. In response, Plaintiff argues Wright did not provide her with the necessary proof of loss form as

required by Alabama law and suppressed, refused, or failed to disclose to her she was required to file a proof of loss form within a certain period of time. Doc. 42 at 23-26.

A.     **Proof of Loss Requirement**

The SFIP's Article VII(J) is titled "Requirements in Case of Loss" and subsection 4 states:

In case of a flood loss to insured property, you must:

. . .

4.     Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
   a.   The date and time of loss;
   b.   A brief explanation of how the loss happened;
   c.   Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
   d.   Details of any other insurance that may cover the loss;
   e.   Changes in title or occupancy of the covered property during the term of the policy;
   f.   Specifications of damaged buildings and detailed repair estimates;
   g.   Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
   h.   Details about who occupied any insured building at the time of loss and for what purpose; and
   i.   The inventory of damaged personal property described in J.3. above.

Doc. 40-1 at 19.

Plaintiff states in her affidavit:

5.   From March 26, 2019 through May 3, 2019, I communicated via e-mail with Marlene Ecker, claims examiner, concerning my flood claim. A copy of these e-mails are attached as Exhibit "A" to this declaration.
6.   As reflected in my deposition and in these e-mails, Marlene Ecker _never_ informed me of the need to file a sworn proof of loss statement, and _never_ furnished me a copy of a policy.
7.   On May 3, 2019, Marlene Ecker informed me by e-mail that the claim was being denied. A letter dated May 3, 2019 was purportedly mailed to my home from St. Petersburg, Florida. May 3, 2019 was a Friday, and the letter likely arrived the following Tuesday, May 7, 2019, or more likely, Wednesday, May 8, 2019, the very day the Defendant claims that a purported sworn proof of loss claim form should have been filed with the Defendant.
8.   I communicated with Marlene Ecker by e-mail; I communicated with

> Hendric Morillo, an adjustor and agent of the Defendant; and I also communicated with the representative from G & A Engineering Consultants, the engineering company hired by Wright. I discussed with each of them my flood damage claim, requesting from each one of them what I needed to do for my claim to be approved. No one from the Defendant or an agent of the Defendant every informed me that a sworn proof of loss claim form was required.

Doc. 42 at 7-8.

In *Sanz v. United States Security Insurance, Co.*, the Eleventh Circuit squarely addressed the issue whether all conditions precedent must be fulfilled before an individual may receive benefits under a federal flood insurance contract. 328 F.3d 1314, 1317 (11th Cir. 2003). In the Eleventh Circuit's analysis of the issue, it stated:

> Five of our sister circuits that have addressed this issue have all concluded that there must be strict compliance with the terms and conditions of federal flood insurance policies and that the failure to file a proof of loss prohibits a plaintiffs from recovery. *Dawkins v. Witt*, 318 F.3d 606 (45h Cir. 2003); *Mancini v. Redland Ins. Co.*, 248 F.3d 729 (8th Cir. 2001); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 (9th Cir. 2000); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998); *Phelps v. Fed. Emergency Mgnmt. Agency*, 785 F.2d 13 (1st Cir. 1986). *But see Meister Bros., Inc. v. Macy*, 674 F.2d 1174 (7th Cir. 1985).
>
> In reaching this conclusion, these circuit court have all relied on *Federal Crop Ins. Corporation v. Merrill*, 332 U.S. 380, 384-85, 68 S. Ct. 1, 92 L. Ed. 10 (1947), where the Supreme Court held that an insured must comply strictly with all terms and conditions of a federal insurance policy. In *Merrill*, the Supreme Court recognized the "duty of all courts to observe the conditions defined by Congress for charging the public treasury." *Id.* at 385, 68 S. Ct. 1.
>
> In *Flick*, 205 F.3d at 391, the court recognized that, since *Merrill*, the Supreme Court, in *Office of Personnel Management v. Richmond*, 496 U.S. 414, 110 S. Ct. 2465, 110 L. Ed. 2d 387 (1990), further curtailed the ability of those individuals insured via the federal government to avoid the terms and conditions of their policies. *See generally Dawkins*, 318 F.3d at 611; *Mancini*, 248 F.3d at 738; *Gowland*, 143 F.3d at 954-55. *Richmond* concluded that the Appropriations Clause's fundamental purpose is "to assure that public funds will be spent according to the letter of the difficult judgments reached by Congress as to the common good and not according to the individual favor of Government agents or the individual pleas of litigants." *Richmond*, 496 U.S. at 428, 110 S. Ct. 2465. The Supreme Court went on to hold that a plaintiff who was misinformed about his qualification to collect disability benefits could not estop the government from collecting overpayments caused by the erroneous advice of a government

> employee.  *Id.* at 434, 110 S. Ct. 2465.
>
> As the Supreme Court has warned, not even the "temptations of a hard case" should cause courts to read the requirements of a federal insurance contract with "charitable laxity."  *Merrill*, 332 U.S. at 386, 68 S. Ct. 1.

*Sanz*, 328 F.3d at 1317-18 (footnote omitted).

The Eleventh Circuit concluded "the insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government."[3]  *Id.* at 1318.  Further, the Eleventh Circuit concluded "[g]iven the directives of *Merrill* and *Richmond*, we join the other five circuit courts . . . and hold that [a] failure to file a proof of loss within 60 days without obtaining a written waiver of the requirement eliminates the possibility of recovery."  *Id.* at 1319 (citations omitted).  Plaintiff does not affirm she filed a proof of loss with Wright within sixty (60) days after her claimed loss or obtained a written waiver of the sixty (60) day requirement.

As to Plaintiff's argument that Wright did not provide her with a proof of loss form, she states Wright continuously communicated with her after she reported her loss, as evidenced by her emails with Marleen Ecker,[4] and requested from Ms. Ecker, as well as from Hendric Morillo and a representative of an engineering company, information about the requirements for her claim to be approved, which was not provided.  Doc. 42 at 24-26.  Again, in *Sanz*, the Eleventh Circuit addressed whether a flood insurance issuer should be estopped from asserting the proof of loss requirement as a ground for denying a plaintiff's claim.  *Sanz*, 328 F.3d at 1319.  The Eleventh

---

[3] "A suit for benefits under the [NFIP] raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the [NFIP] are paid from the federal treasury."  *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007).

[4] Marleen Ecker's emails with Plaintiff show the spelling of her name as such; however, Plaintiff spells Ms. Ecker's first name "Marlene" in her affidavit.  *Compare* Doc. 42 at 9-22 *with* Doc. 42 at 6-8.

Circuit stated:

> The Supreme Court's decisions indicate that even if estoppel is available against the Government, it is warranted only if affirmative and egregious misconduct by government agents exists. *See INS v. Hibi*, 414 U.S. 5, 8, 94 S. Ct. 19, 38 L. Ed. 2d 7 (1973) (citing *Montana v. Kennedy*, 366 U.S. 308, 314-15, 81 S. Ct 1336, 6 L. Ed. 2d 313 (1961)); *Schweiker* [*v. Hansen*], 450 U.S. [785,] , 101 S. Ct. 1468[, 67 L. Ed. 2d 685 (1981)]. Thus, in order for Sanz to demonstrate that he is entitled to assert equitable estoppel against the Government, he must establish the traditional requirements for equitable estoppel and that the Government engaged in affirmative and egregious misconduct; that is, conduct which at least exceeds a level the Supreme Court already has deemed insufficient to trigger equitable estoppel. *Dawkins*, 318 F.3d at 611-12.

*Sanz*, 328 F.3d at 1319-20. The Eleventh Circuit concluded, even though the flood insurance issuer failed to inform the plaintiff of the proof of loss requirement, the plaintiff failed to allege misconduct by the flood insurance issuer that met the requirements for equitable estoppel. *Id.* at 1320. The Eleventh Circuit went on to state:

> Even assuming Sanz' allegation that Security informed Sanz that he had filled out all the necessary paperwork and that Security would "take care" of his claim, equitable estoppel remains unavailable. *See, e.g., Dawkins*, 318 F.3d at 612 (concluding no equitable estoppel even though insurance company said 60-day proof of loss requirement did not apply to major disasters and accepted insured's proof of loss after 60 days); *Gowland*, 143 F.3d at 954-55 (concluding no equitable estoppel even though insurance company went so far as to reopen a claim without a proof of loss being filed); *see also Richmond*, 496 U.S. at 428, 110 S. Ct. 2465 ("Estoppel would give this advice the practical force of law, in violation of the Constitution."); *Merrill*, 332 U.S. at 384, 68 S. Ct. 1 ("The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority.").

*Id.* at 1320. According to the applicable federal regulation, even the insurance adjuster who the flood insurance issuer hires to investigate a claim is not required to furnish a claimant with a proof of loss form. *See* 44 C.F.R. pt. 61, App. A(1), art. 7(J)(7) ("The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss

within 60 days after the loss even if the adjuster does not furnish the form or help you complete it."). Therefore, insofar as Plaintiff may argue Wright should be estopped from asserting the proof of loss requirement as a ground for denying her claim, that argument fails.

As to Plaintiff's argument that Wright was required to provide her a proof of loss form under Alabama law, that law is preempted by federal law.[5] "Congress's intent to preempt state law may be explicitly stated in the language of a federal statute or implicitly contained in the structure and purpose of the statute." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004) (citing *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S. Ct. 1305, 1309, 51 L. Ed. 2d 604 (1977)). "Federal regulations have the same preemptive effect as federal statutes." *Shuford*, 508 F.3d at 1344 (citing *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S. Ct. 3014, 3022, 73 L. Ed. 2d 664 (1982)).

Article nine of the SFIP, the language of which is found in federal regulation, is titled "What Law Governs" and states, "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*), and Federal Common law." 44 C.F.R. pt. 61, app. A(1), art. IX; Doc. 40-1 at 27. Therefore, Alabama law is preempted as to the SFIP, and Plaintiff does not cite to any duty by Wright to provide her with a proof of loss form.

---

[5] An insurer shall furnish, upon written request of any person claiming to have a loss under an insurance contract issued or assumed by such insurer, forms for proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for, or with reference to, the completion of such proof or the manner of any such completion or attempted completion.

ALA. CODE § 27-14-26.

Accordingly, since Plaintiff did not timely file a proof of loss, did not receive a waiver of the time requirement to file the proof of loss, and has not shown Wright is estopped from asserting the proof of loss requirement as a ground for denying her claim, Wright's motion for summary judgment is due to be granted.

**B.     Conditions Precedent to File Suit**

Article VII(R) of the SFIP states:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of this policy. If you do sue, you must start the suit within 1 year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

Doc. 40-1 at 21-22. Since the Court found Plaintiff did not timely file a proof of loss and comply with the terms of the SFIP, she would be barred from recovery. *See Sanz*, 328 F.3d at 1318 ("[T]he insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government.").

## V.     CONCLUSION

Based on the foregoing discussion and analysis, Wright National Flood Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 40) is due to be **GRANTED**, and Plaintiff Donna A. Dodson's claims against Defendant Wright National Flood Insurance Company are **DISMISSED WITH PREJUDICE**.

A separate judgment that is consistent with this memorandum opinion and order will be entered pursuant to Fed. R. Civ. P. 58(a).

**DONE** and **ORDERED** this the 20th day of May 2021.

/s/ Terry F. Moorer
TERRY F. MOORER

UNITED STATES DISTRICT JUDGE